STATE EX REL. TWACHTMAN v. STATE MEDICAL BOARD ET AL.

MANDAMUS LIES TO COMPEL STATE MEDICAL BOARD TO HOLD EXAMINA-
TIONS PRESCRIBED BY STATUTE.

> The delay for more than three years on the part of the State
> Medical Board to appoint a time for holding, in other cities than
> Columbus, examinations of applicants for certificates to practice
> medicine as required by Gen. Code 1273, and the failure to fix a
> date for such examinations in June, which is the month when
> medical students complete their studies and desire to apply for
> certificates, is an abuse of the discretion vested in that board,
> and unless the said board desires to set forth by answer a rea-
> son for its inaction in that respect, a peremptory writ of man-
> damus will issue against it.

*Sanford Brown,* for plaintiff.

*U. G. Denman,* Atty. Gen., *W. H. Miller* and *C. F. Wil-
liams,* for defendant.

## GIFFEN, P. J.

Although the statute, Gen. Code 1273, requires that ex-
aminations of applicants for certificates to practice medicine
and surgery in this state be held in the city of Cincinnati as
well as in Columbus, no such examinations have been held in
Cincinnati during the last three years, and the defendants now
declare that they will hold no such examination during or near
the month of June, 1910, when a large majority of the students
complete their course of instruction.

The only reasonable time for holding the examinations
would, under the allegations of the petition, be when the
students have finished the course of instruction or soon there-
after, and if the defendant board for its own convenience or
other good reason prefers a later date, it ought by answer
to set forth such reason. The objection to the present policy
of the board is that no time whatever is fixed for an examination
in Cincinnati, and that the practical effect of it is to coerce

the students to take the examination at Columbus, lest by re-
fusing they will be deprived of every opportunity to be ex-
amined and to obtain certificates. It would be a clear abuse
of the discretion vested in the board to indirectly nullify ·the
statute and deprive the students of Cincinnati and vicinity of
the privilege conferred.

The motion to quash the alternative writ will be overruled,
and unless the defendants wish to plead, a peremptory writ
may issue as prayed for.

**Smith** and **Swing, JJ.,** concur.